UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA CAMPBELL, § | | |
|    Plaintiff, § | Civil Action No. _____ | |
| § | | |
| v. § | Judge _____ | |
| § | | |
| FRITO-LAY, INC. and § | | |
| BRYANT MICHAEL, § | **NOTICE OF REMOVAL** | |
|    Defendants. § | | |

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant FRITO-LAY, INC. ("Frito-Lay"), through undersigned counsel, hereby gives notice of removal of this action from the Stark County Court of Common Pleas to the United States District Court for the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and states the following in support of such removal:

1. On or about October 2, 2020, Plaintiff Angela Campbell ("Plaintiff") filed the present lawsuit in the Stark County Court of Common Pleas against Defendants, captioned *Angela Campbell v. Frito-Lay, Inc. and Bryant Michael*, Case No. 2020CV01349 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Frito-Lay in the State Court Action are included with this Notice of Removal collectively as Exhibit "A".

2. Plaintiff served Defendant Frito-Lay with a copy of the Summons and Complaint via U.S. certified mail on or about October 7, 2020. To date, Defendant Bryant Michael has not been served. *See* State Court Action Docket, attached hereto as Exhibit "B".

3. Removal of this action is timely because Frito-Lay files this Notice of Removal within thirty (30) days of the date on which Plaintiff served Frito-Lay with a Summons and copy of the Complaint. *See* 28 U.S.C. § 1446(b).

4. The United States District Court for the Northern District of Ohio, Eastern Division, is the judicial district and division embracing the place where the State Court Action was filed; thus, this Court is the appropriate forum for removal pursuant to 28 U.S.C. §§ 115(a)(1), 1441(a), and 1446(a).

5. This Court has subject matter jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332 because: (1) there is complete diversity of citizenship between Plaintiff and Defendants and (2) the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

## Diversity of Citizenship

6. At the time of the commencement of the State Court Action and at the present time, Plaintiff is a citizen of the State of Ohio and is domiciled in Ohio. *See* Ex. A, Plaintiff's Complaint for Damages and Reinstatement (hereinafter referred to as "Compl."), at Caption and ¶ 1. Plaintiff works in Ohio, resides in Ohio, and, upon information and belief, has no intent to leave the state of Ohio.

7. Defendant Frito-Lay, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Plano, Texas. See Declaration of Matthew Peyton, attached hereto as Exhibit "C". Thus, Frito-Lay was at the time of the commencement of the State Court Action, and is now, a citizen of Delaware and Texas, and was not then, and is not now, a citizen of the State of Ohio.

8. Defendant Bryant Michael, although to date not served, has been since 2017 a resident and citizen of the State of North Carolina. *See* Exs. B; C. Defendant Bryant Michael, therefore, was at the time of the commencement of this action, and is now, a citizen of North Carolina, and was not then, and is not now, a citizen of the State of Ohio.

9. Accordingly, complete diversity of citizenship existed between Plaintiff and Defendants at the time Plaintiff's Complaint was filed and complete diversity of citizenship exists at the time of the instant removal.

## **Amount in Controversy**

10. Ordinarily, the amount in controversy requirement for removal is determined from a "fair reading" of the plaintiff's complaint or a "reasonable extrapolation" from allegations contained therein. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001); *Davis v. Kindred Nursing Ctrs. E., L.L.C.*, No. 2:05-cv-1128, 2006 U.S. Dist. LEXIS 11425, at *2 (S.D. Ohio, Mar. 2, 2006). Moreover, the amount in controversy at issue in a given action shall be assessed by the court based on the circumstances existing at the time a plaintiff's complaint is filed, and the removing party need only show that the amount in controversy is "more likely than not" in excess of the jurisdictional minimum. *See Theofylaktos v. Quest Diagnostics Inc.*, No. 1:12-cv-2132, 2013 U.S. Dist. LEXIS 15714, at *2 (N.D. Ohio, Feb. 5, 2013); *Davis*, 2006 U.S. Dist. LEXIS 11425, at *2-3.

11. Importantly, "[t]his standard 'does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages.'" *Hayes*, 266 F.3d at 572 (citation omitted). "As long as '[t]he law at least arguably permits the type of damages claimed, the amount in controversy requirement will be satisfied even if it is unlikely that the plaintiff can recover an amount exceeding the jurisdictional requirement.'" *T&W Forge, Inc. v. V&L Tool, Inc.*, No. 05-cv-1637, 2005 U.S. Dist. LEXIS 24619, at *11 (N.D. Ohio, Oct. 24, 2005) (quoting *Kovacs v. Chesley*, 406 F.3d 393, 397 (6th Cir. 2005)).

12. As shown in Plaintiff's Complaint, Plaintiff's employment with Frito-Lay terminated on July 10, 2015, and she seeks to recover in the present lawsuit, among other damages, lost wages from July 2015 to the present. *See* Ex. A, Compl. ¶ 57, Demand for Relief. While working at Frito-Lay, Plaintiff earned roughly $41,000.00 per year. *See* Ex. C; Plaintiff's 2014 Form W-2, attached hereto as Exhibit "C-1". Wages Plaintiff would seek to recover, therefore, for the period July 2015 to the present, well exceed the $75,000 jurisdictional requirement. Further, Plaintiff also seeks to recover compensatory and punitive damages. *See* Ex. A, Compl. Demand for Relief.

13. Accordingly, removal of this action is proper under 28 U.S.C. § 1332 because complete diversity between the parties exists and because, based upon a fair reading of the complaint, the amount in controversy exceeds $75,000.00.

### Consent to Removal

14. Pursuant to the "the rule of unanimity", codified at 28 U.S.C. § 1446(b)(2)(A), "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined <u>and served</u> must join in or consent to the removal of the action." (emphasis added).

15. The Sixth Circuit recognizes an "unserved defendant" exception to the "rule of unanimity", holding that an unserved defendant need not join in or consent to a co-defendant's notice of removal for such action to be proper. *See, e.g.*, *Farnsworth v. Nationstar Mortg., LLC*, 569 F. App'x 421, 425 (6th Cir. 2014) ("Because Nationstar was the only defendant who had been 'served or otherwise properly joined,' it was not required to have the other unknown and improperly served defendants join or file consent.") (quoting *Brierly v. Alusuisse Flexible Packaging, In*c., 184 F.3d 527, 533 n.3 (6th Cir. 1999)); *Howard v. George*, 395 F. Supp. 1079, 1080-81 (S.D. Ohio 1975) ("[A] nonserved nonresident need not join in the removal petition.");

*Redland Ins. Co. v. Singleton*, No. 4:08CV1314, 2008 U.S. Dist. LEXIS 130904 at *3 (N.D. Ohio July 22, 2008) (citing *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("Where there is complete diversity of citizenship . . . the inclusion of an unserved resident defendant in the action does not defeat diversity removal under 28 U.S.C. 1441(b).")).

16. As previously shown, Defendant Bryant Michael, although diverse to Plaintiff, has not been served.  *See* Ex. B.

17. Therefore, the consent of Bryant Michael is not required for removal of this case.

## Conclusion

18. It is apparent on the face of the Complaint that diversity jurisdiction exists, pursuant to 28 U.S.C. § 1332, because Plaintiff is diverse from all Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

19. Removal of this action is timely filed within thirty (30) days of the date on which Plaintiff served Frito-Lay with a Summons and copy of the Complaint, pursuant to 28 U.S.C. § 1446(b).

20. Concurrent with the filing of this Notice of Removal, Defendants are providing notice of the removal to the Stark County Court of Common Pleas and to Plaintiff's counsel of record.  A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "D".

WHEREFORE, Defendant FRITO-LAY, INC. respectfully files this Notice of Removal, removing this case from the Stark County Court of Common Pleas to the United States District Court for the Northern District of Ohio, Eastern Division.

Dated:  October 27, 2020		Respectfully submitted,

          /s/ Karen Soehnlen McQueen
          **Karen Soehnlen McQueen** (#0016830)
          **Marcus L. Wainwright** (#0078353)
          **KRUGLIAK, WILKINS, GRIFFITHS**
          **& DOUGHERTY CO., L.P.A.**
          4775 Munson Sheet, N.W./P.O. Box 36963
          Canton, Ohio 44735-6963
          Phone: (330) 497-0700
          Fax: (330) 497-4020
          Email:  kmcqueen@kwgd.com
          Email:  mwainwright@kwgd.com

          and

          **Raymond A. Cowley**
          Texas State Bar No. 04932400
          (*Pro Hac Vice Application Forthcoming*)
          **DYKEMA GOSSETT, PLLC**
          1400 North McColl Rd., Suite 204
          McAllen, Texas 78501
          Telephone: (956) 984-7400
          Facsimile:  (956) 984-7499
          Email:  rcowley@dykema.com

          **ATTORNEYS FOR DEFENDANT**
          **FRITO-LAY, INC.**


## CERTIFICATE OF SERVICE

  I hereby certify that on the 27th day of October, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF electronic filing system, and also served it via email, on the following:

  Barry R. Murner
  THE SPITZ LAW FIRM, LLC
  25200 Chagrin Blvd., Suite 200
  Beachwood, Ohio  44122
  Email:  barry.murner@spitzlawfirm.com

          /s/ Karen Soehnlen McQueen
          **Karen Soehnlen McQueen** (#0016830)
          **Marcus L. Wainwright** (#0078353)
          **KRUGLIAK, WILKINS, GRIFFITHS**
          **& DOUGHERTY CO., L.P.**